(165 App. Div. 52)

CUNNINGHAM v. SUPREME COUNCIL OF ROYAL ARCANUM.

(Supreme Court, Appellate Division, Second Department. December 18, 1914.)

1. INSURANCE (§ 694*)—FRATERNAL ASSOCIATIONS—MEMBERS—EXPULSION—CONVICTION OF CRIME.

A beneficial association had an inherent right to expel a member on his being convicted of perjury.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1834, 1835; Dec. Dig. § 694.*]

2. INSURANCE (§ 694*)—FRATERNAL ASSOCIATIONS—MEMBERS—EXPULSION—BY-LAWS.

Where a member of a beneficial association was convicted of perjury, he was subject to expulsion under a by-law declaring that a member who shall be guilty of any immoral practice or improper conduct, violative of his duties and unbecoming his profession as a member of the order, on conviction thereof shall be suspended or expelled.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1834, 1835; Dec. Dig. § 694.*]

3. INSURANCE (§ 694*)—FRATERNAL ASSOCIATIONS—EXPULSION—VESTED RIGHT.

Where a beneficial association was carried on by its members as a charitable, fraternal, and social enterprise, without any element of financial profit, to unite fraternity men of good moral character, socially acceptable for their social, moral, and intellectual education, and to give all moral, social, and material aid in its power to members, the expulsion of a member because of conviction of perjury was not an impairment of any vested right which he had to continue his membership.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. §§ 1834, 1835; Dec. Dig. § 694.*]

4. INSURANCE (§ 719*)—FRATERNAL ASSOCIATIONS—MEMBERS—EXPULSION—BY-LAWS.

Where the by-laws of a beneficial association when decedent joined provided that a member might be expelled after trial on charges at a stated meeting, the society, as against decedent, was authorized, during the continuance of his membership, to so change the procedure as to make proof of judgment of conviction and sentence for crime sufficient evidence to justify conviction.

[Ed. Note.—For other cases, see Insurance, Cent. Dig. § 1855; Dec. Dig. § 719.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Submission of controversy on an agreed statement of facts, under Code Civ. Proc. § 1279, between Eliza Cunningham and the Supreme Council of the Royal Arcanum. · Judgment for defendant.

Argued before JENKS, P. J., and BURR, THOMAS, CARR, and PUTNAM, JJ.

Frank D. Wynn, of New York City, for plaintiff.
Howard C. Wiggins, of Rome, for defendant.

JENKS, P. J. This submitted controversy presents the single question whether the expulsion of Cunningham by the defendant, a fraternal benefit society, was lawful. When Cunningham joined the defendant, the procedure for expulsion prescribed investigation by an inquiry committee, preference of charges, if justified, and a trial before a stated meeting of the council. While Cunningham was a member of the defendant, the procedure was changed so that a trial was dispensed with when the offending member had been convicted of a felony or a misdemeanor, in that a certified copy of a judgment of conviction and final sentence thereon was deemed sufficient evidence for expulsion. Thereafter Cunningham was indicted for making false affidavits, whereby he secured a pension from the United States government, pleaded guilty, and served a sentence. Complaint was thereupon made against Cunningham, which was referred to the inquiry committee. That committee investigated the complaint, notified Cunningham, gave him opportunity to present rebutting evidence, and upon his failure to do so reported charges to the council, which were forwarded to the Supreme Regent, together with a certified copy of the said judgment and sentence of conviction. The Supreme Regent, pursuant to authority vested in him, expelled Cunningham.

[1] The defendant contends that the laws of the society conferred no right of summary expulsion, and that there was an impairment of Cunningham's valid rights by the after-enacted law as to the necessary proof of conviction. I think that there was an inherent right of expulsion for the crime of perjury. King v. Mayor of Liverpool, 2 Burr. 732; People ex rel. Bartlett v. Medical Society, 32 N. Y. 187–194; Commonwealth v. St. Patrick Benevolent Society, 2 Bin. (Pa.) 441, 448, 4 Am. Dec. 453.

[2] Moreover, I think that the commission of such a crime was within the language of section 2 of the by-laws as it existed when Cunningham joined the order, and which provides as follows:

"A member who shall be guilty of any immoral practice or improper conduct, violative of his duties, and unbecoming his profession as a member of this order, shall upon conviction thereof be suspended or expelled."

[3] It appears that the defendant is "carried on by its members as a charitable, fraternal, and social enterprise, without any element of financial profit, to unite fraternity men of good moral character, who are socially acceptable, for their social, moral, and intellectual education, to give all moral, social, and material aid in its power to its members," etc. I think that there was no impairment of vested right. Howard v. Moot, 64 N. Y. 262; Lazarus v. Met. R. R. Co., 145 N. Y. 581, 40 N. E. 240; Southwick v. Southwick, 49 N. Y. 510.

[4] All that the after-enacted by-law changed was to make proof of judgment of conviction and sentence for a crime "sufficient" evidence to justify expulsion.  There was a change of procedure, and, to my mind, one entirely proper and reasonable.  There was no provision, even, that the record of conviction should be *conclusive,* but "sufficient," evidence.  Indeed, Cunningham was afforded opportunity by the inquiry committee to present rebutting evidence.  The conviction of Cunningham was an adjudication between the individual and the United States that he was guilty of this crime.  Hawker v. New York, 170 U. S. 189, 18 Sup. Ct. 573, 42 L. Ed. 1002.  I see no good reason why the defendant, in the face of what was conclusive proof of the commission of a crime, should ordain that there must be a trial by it of that offense.

There must be judgment for the defendant in accord with the terms of the stipulation.

BURR, THOMAS, and PUTNAM, JJ., concur.  CARR, J., not voting.